# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**ERIC LUCHETTI,**

    **Plaintiff,**

    **vs.**                                                      **Civ. No. 20-1232  RB/JFR**

**THE NEW MEXICO STATE PERSONNEL
BOARD, Et al.,**

    **Defendants.**

## ORDER ADOPTING JOINT STATUS REPORT AND PROVISIONAL DISCOVERY PLAN WITH CHANGES AND SETTING CASE MANAGEMENT DEADLINES

**THIS MATTER** came before the Court at a Rule 16 scheduling conference held on January 14, 2021.  Following a review of the parties' Joint Status Report and Provisional Discovery Plan filed on January 4, 2021 (Doc. 10), and after conferring with counsel, the Court adopts the Joint Status Report and Provisional Discovery Plans modified as follows:

a)    Maximum of twenty-five (25) Interrogatories by each party to any other party;

b)    Maximum of twenty-five (25) Requests for Production by each party to any other party;

c)    Maximum of twenty-five (25) Requests for Admission by each party to any other party;

d)    Maximum of ten (10) depositions by Plaintiffs and ten (10) depositions by Defendant; and

e)    Depositions of parties, Rule 30(b)(6) designees and experts, are limited to four (4) hours, unless extended by agreement of the parties, except that seven (7) hours are allowed for parties and experts.

The following Phase One case management deadlines have been set:[1]

a)  Deadline for Plaintiffs to amend and join additional
parties by written consent or to seek leave of the
court to amend and join additional parties in
compliance with Fed. R. Civ. P. 15(a)(2):                January 27, 2021

b)  Deadline for Defendant to amend and join additional
parties by written consent or to seek leave of the
court to amend and join additional parties in
compliance with Fed. R. Civ. P. 15(a)(2):                March 1, 2021

c)  Plaintiffs' Rule 26(a)(2) expert disclosure:[2]          April 14, 2021

d)  Defendant's Rule 26(a)(2) expert disclosure:[1]          May 14, 2021

e)  Termination date for discovery:[3]                       June 14, 2021

f)  Motions relating to discovery to be filed by:[4]         July 6, 2021

g)  Pretrial motions other than discovery motions (including
motions which may require a *Daubert* hearing) filed by:[5]  July 16, 2021

h)  Pretrial Order: Plaintiffs to Defendant by:              August 31, 2021
                    Defendant to Court by:                   September 14, 2021

Parties may not modify case management deadlines on their own.  Good cause must be

shown and the Court's express, written approval obtained for any modification of the case

---

[1] The parties have stipulated that the extra-contractual claims are bifurcated from the breach of contract claims.  The Court, therefore, advised the parties that the case management dates reflected in today's scheduling order constitute phase one discovery and apply only to the contractual claims at issue.

[2] Parties must disclose the names of all expert witnesses, the subject matter on which the experts will present evidence, and a summary of the facts and opinions to which the experts are expected to testify by this date.  Experts who are retained or specifically employed to provide expert testimony must also submit an expert report by this date.  *See* Fed. R. Civ. P. 26(a)(2). The parties must have their retained expert(s) ready to be deposed at the time they identify them and provide their reports. Expert witnesses who are not required to provide a written report may be deposed before summary disclosure.

[3] Discovery must be completed on or before this deadline.

[4] This deadline should not be construed to extend the twenty-one day time limit in D.N.M.LR-Civ. 26.6.

[5] This deadline applies to motions related to the admissibility of experts or expert testimony that may require a *Daubert* hearing, but otherwise does not apply to motions in limine. The Court will set a motions in limine deadline in a separate order.

management deadlines set forth herein.  Any requests for additional discovery must be submitted to the Court by motion prior to the expiration of the discovery.

Pursuant to Federal Rule of Civil Procedure 16(b)(3)(B)(v), "before moving for an order relating to discovery, the movant must request a conference with the court" to attempt to informally resolve the dispute.[6]  Fed. R. Civ. P. 16(b)(3)(B)(v).  Discovery motions may be summarily denied if a movant fails to conform to this requirement.  If the parties engage in motion practice, the "[m]ovant must determine whether a motion is opposed, and a motion that omits recitation of a good-faith request for concurrence may be summarily denied."  D.N.M.LR-Civ. 7.1.  Further, the Court will not entertain any motion to resolve a discovery dispute pursuant to Fed. R. Civ. P. 26 through 37, or a motion to quash or modify a subpoena pursuant to Fed. R. Civ. P. 45(c), unless the attorney for the moving party has conferred or has made reasonable effort to confer with opposing counsel concerning the matter in dispute prior to the filing of the motion.  *See* Fed. R. Civ. P. 37(a)(1) (explaining that any motion for an order compelling disclosure or discovery must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action).  Every certification required by Fed. R. Civ. P. 26(c) and 37 and this rule related to the efforts of the parties to resolve discovery or disclosure disputes must describe with particularity the steps taken by all attorneys to resolve the issues in dispute.  A "reasonable effort to confer" means more than mailing or faxing a letter to the opposing party.  It requires that the parties in good faith converse, confer, compare views, consult, and deliberate,

---

[6] The Court will permit the parties to extend the 21-day time limit for filing a motion to compel pursuant to Local Rule 26.6 by written stipulation filed with the Court, as long as the extension does not impact the court-ordered discovery motions deadline.

or in good faith attempt to do so.  Absent exceptional circumstances, parties should converse in person or telephonically.

The parties must supplement their disclosures or discovery responses pursuant to Fed. R. Civ. P. 26(e)(1) within thirty (30) days of learning any disclosure or response is incomplete or incorrect.  After the close of discovery, parties must supplement their disclosures or discovery responses as soon as possible, but no later than seven (7) days after learning of the need to supplement.

**IT IS SO ORDERED.**

_____

**JOHN F. ROBBENHAAR**
**United States Magistrate Judge**